THEODORE E. BACON (CA Bar No. 115395)
tbacon@AlvaradoSmith.com
DAVID L. CHAVEZ (CA Bar No. 117593)
dchavez@AlvaradoSmith.com
ALVARADOSMITH
A Professional Corporation
235 Pine Street, Suite 1200
San Francisco, CA 94104
Tel.   (415) 624-8665
Fax.   (415) 391-1751

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A., and CALIFORNIA
RECONVEYANCE COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| MIRSHA-SHARONE MONDRAGON,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A. and CHASE HOME FINANCE LLC, and CALIFORNIA RECONVEYANCE COMPANY,<br><br>Defendants. | Case No. CV 12-01878 WHA<br><br>District Judge William Alsup<br><br>**NOTICE OF MOTION AND MOTION FOR MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**DATE:** June 28, 2012<br>**TIME:** 8:00 a.m.<br>**CTRM.:** 8 – 19th Floor<br><br>Action filed: April 12, 2012 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 28, 2012 at 8:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8 of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco CA, defendants JPMORGAN CHASE BANK, N.A and CALIFORNIA RECONVEYANCE COMPANY will move the Court, pursuant to Federal Rules of Civil Procedure, Rule 12 (e), to order Plaintiff Mirsha-Sharone Mondragon to file a more definite statement on the grounds that the Complaint is so vague, ambiguous and unintelligible as to Defendants that Defendants cannot properly prepare a response to it.

///

1     The motion will be based on this Notice of Motion, the Memorandum of Points and
2 Authorities, the pleadings and papers filed in this action.

4 DATED: May 21, 2012                  Respectfully submitted,

5                                                ALVARADOSMITH
                                               A Professional Corporation

By:    */s/ Theodore E. Bacon*
       THEODORE E. BACON
       DAVID L. CHAVEZ
       Attorneys for Defendant
       JPMORGAN CHASE BANK, N.A., and
       CALIFORNIA RECONVEYANCE COMPANY

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants JPMORGAN CHASE BANK, N.A., and CALIFORNIA RECONVEYANCE COMPANY (herein "Moving Defendants") submit the following Memorandum of Points and Authorities in support of its Motion For More Definite Statement to the Complaint of Plaintiff.

### I. BECAUSE THE COMPLAINT IS VAGUE, UNCERTAIN AND UNINTELLIGIBLE, PLAINTIFFS SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT UNDER FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(e)

"That a plaintiff is proceeding in pro per does not render the rules of the Court inapplicable." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Rule 12(e) of the Federal Rules of Civil Procedure states in relevant part:

> "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

*See also, Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D. CA 1981); *Cellars v. Pacific Coast Packaging, Inc.*, 189 FRD 575, 578 (ND CA 1999).

This Complaint is vague and totally unintelligible. The paragraphs of the complaint are numbered but the sentences are incomplete and incoherent. There are no causes of action identified and no way to determine mention of what involvement, if any, each of the defendants had in any of the allegations or in any of the claims, or for that matter, what the facts and claims are being asserted.

Plaintiff does appear to allege a loan involving 436 Jackson Street, Redwood City, California (¶ 1, 4 and 6) and seems to be focusing on origination related actions of Washington Mutual Bank, ("WaMu") a separate and distinct defendant (see handwritten portion of summons indicating JPMorgan is named as it 'bought Washington Mutual Bank"). Case law confirms the FDIC retained liability for borrower claims relating to the WaMu loans and lending activities. For examples, the U.S. Court of Appeals for the for the First Circuit has held that pursuant to the agreement alleged in this case, the FDIC was the real party in interest:

> When Washington Mutual failed, JP Morgan acquired many assets but its agreement with the FDIC retains for the FDIC 'any liability associated with borrower claims for

1

payment or any liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower's.' Thus, the FDIC was and remains the appropriate party in interest. *Yeomalakis v. FDIC*, 562 F.3d 56, 60 (1st Cir. 2009).

Accordingly, assuming Plaintiff's claims arising out of its capacity as a borrower of Washington Mutual Bank, such claims cannot be maintained against any entity other than the FDIC.

With that in mind, Moving defendants believe plaintiff should be required to clearly state the nature and background of each claim, even more so when it is likely the claims cannot be asserted against these Moving Defendants. As it stands, it cannot be determined which (if any) claims are asserted against Defendants or how they were allegedly involved in any of the claims being asserted against other defendants. Consequently, Moving Defendants are left to surmise what Plaintiffs contend they did wrong, what the claims are and which claim or claims they must defend itself against.

Plaintiffs' Complaint provides no other alleged facts that would permit Moving Defendants to frame a responsive pleading to the Complaint. Because all of Plaintiffs' claims fail to set forth any facts or cognizable legal theory upon which relief can be granted, Moving Defendants cannot reasonably frame any response to Plaintiffs' claims.

## II. **CONCLUSION**

For the foregoing reasons, Moving Defendants respectfully requests that the Court grant its Motion for More Definite Statement and order Plaintiffs to file a more definite statement of their claims against Moving Defendants so that they can reasonably prepare a response to the First Amended Complaint.

DATED: May 21, 2012

Respectfully submitted,

ALVARADOSMITH
A Professional Corporation

By: ___/s/ Theodore E. Bacon___
THEODORE E. BACON
DAVID L. CHAVEZ
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A., and
CALIFORNIA RECONVEYANCE COMPANY